**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:05-CR-55-TS |
| | ) | |
| MICKEY D. DAVIS | ) | |

**OPINION and ORDER**

After adjudicating the Defendant, Mickey D. Davis, guilty upon his plea of guilty to one count charging him with violating 21 U.S.C. § 841(a)(1), possession with intent to distribute more than five grams of cocaine base (crack), the Court sentenced him pursuant to the United States Sentencing Guidelines that were in effect on the date of his sentencing, October 5, 2006. The sentence was 188 months imprisonment.

The Defendant's base offense level was 32 for the amount of crack cocaine, but it increased to 34 because of the U.S.S.G. career offender provision, § 4B1.1(a), (b)(B). The Defendant then received a 3-point reduction for acceptance of responsibility, bringing his total offense level to 31. With a criminal history category was VI, the resulting advisory guidelines range was 188 to 235 months.

On February 22, 2008, this Court granted the Defendant's request for the appointment of counsel in connection with possible resentencing under the amended cocaine base guidelines [DE 44]. The Court's order directed the Defendant, his counsel, the government, and the United States Probation Office on the procedure that would govern the Court's determination whether the Defendant was entitled to a reduction in his sentence pursuant to amended guideline §1B1.10, which took retroactive effect on March 3, 2008.

On March 17, 2008, the Defendant's court-appointed counsel filed a notice [DE 46]

explaining that a reduction in the Defendant's sentence is not appropriate because the career offender guidelines provision would still result in the same total offense level, 31. In conjunction with that Notice, the Defendant's attorney on the same date filed a motion to withdraw [DE 47] as court-appointed counsel.

Pursuant to the Court's February 22, 2008, order, if counsel moves to withdraw, "[t]he Defendant then has 30 days to file a response, pro se, to counsel's notice and request to withdraw, and a pro se motion for reduction of sentence." (DE 44 at 2.) "The Court will then rule on counsel's request to withdraw, and on any pro se motion that the Defendant filed." (*Id.*)

On March 19, 2008, the Defendant *pro se* wrote a letter [DE 48] to the court requesting resentencing. On April 2, 2008, the Defendant *pro se* filed a Response to Counsel's Notice to the Court [DE 49], arguing that his sentence should be reduced because of the amended crack cocaine guidelines.

In the letter, the Defendant stated that his 188-month sentence was "a little far fetched," (Def. Letter 2, DE 48), for several reasons: he was only 22 years old when convicted and will be the "ripe age of 37" (*id.*) when released; he tried but failed to get a job after serving a prior sentence and became desperate and depressed; he was only selling drugs because it was fast money so he could feed his two children; and the prior convictions that triggered the career offender sentencing provision were not that serious because there was a "minimal amount of risk in the nature of these charges" (*id.*).

The defendant in his Response to Counsel's Notice to the Court argues that his sentence should be reduced to 151 months, based on a lowered offense level of 29 (two levels below his current level of 31) and the same criminal history category of VI. (Def. Resp. ¶¶ 4, 6, DE 49.)

2

The Defendant, citing *Gall v. United States*, 128 S. Ct. 586 (2007), argues that there is no statute requiring that the amendment lower the guidelines range or that the Court follow the career offender provision in the guidelines. (Def. Resp. ¶¶ 2–3.)

Counsel's notice is correct that the Defendant is not eligible for a reduced sentence under § 3582(c)(2) and the amended, retroactive crack cocaine guidelines. The amended guidelines state that a defendant's sentence may not be reduced under the crack cocaine amendments and "18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."§ 1B1.10(a)(2)(B). The amended crack cocaine guidelines lower the Defendant's base offense level to 30, but the career offender provision, § 4B1.1(a), (b)(B), still raises it to 34 as it did originally. With the same 3-point reduction for acceptance of responsibility, the total offense level is once again 31, not 29. The amendments do not have the effect of lowering the Defendant's applicable guideline range in this case. The Defendant in his Response is not correct that the Court in this case is empowered in general or through *Gall* to ignore the provisions of the guidelines. In fact, the Court, when sentencing a Defendant, must first calculate the advisory guideline range before considering any potential departures or variances. *See United States v. Miranda*, 505 F.3d 785, 791 (7th Cir. 2007).

The other claims in the Defendant's letter (mitigating factors relating to his drug conviction and the prior convictions' affect on his career offender status) are not proper claims for a § 3582(c)(2) motion. A defendant must either bring such claims on direct appeal (for which

3

the time has passed in this case), or by way of a motion to vacate pursuant to 28 U.S.C. § 2255.[1]

> A prisoner . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside[,] or correct the sentence.

§ 2255(a). If the Defendant wishes to pursue the latter and proceed with a habeas corpus petition[2], the Court cautions him pursuant to *Castro v. United States*, 540 U.S. 375 (2003), because prisoners may only file a single collateral attack without the permission of a panel of the appropriate Circuit Court of Appeals. 28 U.S.C. § 2255(h).

In light of *Castro*'s instructions, 540 U.S. at 383, the Court notifies and cautions the Defendant as follows:

(1) The Court intends to recharacterize the remaining claims in this letter as a motion to vacate under § 2255;

(2) such a recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on second or successive motions, specifically, that such motions require "a panel of the appropriate court of appeals" to certify that the motion contains "newly

---

[1] For § 2255 motions, "[a] 1-year period of limitation shall apply." § 2255(f). While the Court does not now rule on whether the one-year limitation period has run, the Court does note that sentencing was held on May 31, 2006, and judgment was entered the same date.

[2] The Court also notes that if the Defendant does pursue a motion to vacate under 28 U.S.C. § 2255, the government would have a colorable claim that he violated his plea agreement. "[D]efendant expressly waives his right to appeal or contest his conviction and his sentence or the manner in which his conviction or his sentence was determined or imposed, to any Court on any ground . . . including any post-conviction proceeding, including but not limited to, a proceeding under 28 U.S.C. § 2255." (Plea Agreement ¶ 12(f) at 7, DE 29.) Such a violation can have serious consequences. "Defendant understands that his compliance with each part of this Plea agreement extends throughout and beyond the period of his sentence, and failure to abide by any term of the Plea Agreement is a violation of the agreement rendering it null and void." (*Id.* ¶ 14.) *See Nunez v. United States*, 495 F.3d 544, 548 (7th Cir. 2007) ("When a defendant violates a plea agreement by appealing despite a promise not to do so, the prosecutor may withdraw concessions made as part of the bargain.").

discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," § 2255(h)(1), or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2255(h)(2); and

(3) The Defendant has 45 days from the date of this order to (a) withdraw the remaining claims so that they are not recharacterized as a § 2255 motion, OR (b) to amend the pleading so that it contains all the § 2255 claims the Defendant believes he has.

## CONCLUSION AND ORDER

For the foregoing reasons, the Defendant's *pro se* Response to Counsel's Notice to the Court [DE 49] is DENIED; and the Motion to Withdraw as Court Appointed Counsel [DE 47] is GRANTED, and attorney Thomas N. O'Malley is allowed to withdraw as attorney of record in this cause of action.

SO ORDERED on May 30, 2008.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT