UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:05-CR-55-TS |
| | ) | |
| MICKEY D. DAVIS | ) | |

**OPINION and ORDER**

Before the Court is the *pro se* Defendant's Motion for Reconsideration [DE 51], filed on June 24, 2008. The Defendant asks the Court to reconsider its previous Opinion and Order [DE 50] that denied the Defendant's request for a reduction in his sentence under the amended crack cocaine advisory guidelines.

The Court based its prior decision on the Defendant's status as a career offender. The career offender enhancement under U.S.S.G. § 4B1.1(a) and (b) meant that the Defendant's total offense level remained at 34. The Defendant in his Motion argues that the Court is not bound by that guidelines calculation and instead must consider the factors in 18 U.S.C. § 3553(a) in deciding whether to exercise discretion and reduce the Defendant's sentence (Def. Mot. 2.)

The Defendant may misunderstand the mechanics of a sentence modification under 18 U.S.C. § 3582(c)(2) and the amended crack cocaine guidelines. The guidelines state that a defendant's sentence may not be reduced under the crack cocaine amendments and "18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Assuming, for the moment, that the Court after reducing a sentence under the amended crack cocaine guidelines would then go on to consider the § 3553(a) factors for possible further reduction, there still remains the initial hurdle of a defendant being eligible to have his sentence

reduced. The Defendant in this case cannot get over that hurdle because his career offender enhancement prevents the amended crack cocaine guidelines from lowering the advisory guidelines range. That ends the matter, as the Court initially ruled. Since the Court issued that Opinion and Order, the Seventh Circuit in *United States v. Harris*, 536 F.3d 798, 813 (7th Cir. 2008), came to the same conclusion.[1] The Defendant has not put forth an argument about how this conclusion is in error or how his case is distinguishable, except to assert that the Court should consider the § 3553(a) factors. But the Defendant's sentence is not being lowered, so there is no need to consider § 3553(a) factors at all.

The Defendant also argues that the Court should "in its sole discretion schedule a re-sentencing in this instant case." (Def. Mot. 2.) The Court construes this as a request for a resentencing hearing. There is no need to hold a hearing because the Defendant's sentence is not being reduced for any reason. Accordingly, the Court in its discretion elects not to hold a hearing. "How a district judge elects to consider a § 3582(c) motion to reduce a sentence is largely a matter of discretion." *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999) (affirming district court's decision not to provide counsel, a hearing, and a right of allocution to a defendant for a § 3582(c)(2) resentencing).

Finally, the Defendant seeks to avoid having issues he raised in a Letter [DE 48] labeled as a petition to vacate his sentence under 28 U.S.C. § 2255, as the Court warned the Defendant it would do in its previous Opinion and Order. The Defendant in his Motion argues that he is not raising those issues as claims. Instead, the Defendant says those issues should be part of the

---

[1] So have several other federal circuits. *See, e.g.*, *United States v. Sharkey*, 543 F.3d 1236 (10th Cir. 2008); *United States v. Ogman*, 535 F.3d 108, 111 (2d Cir. 2008); *United States v. Johnson*, No. 08-50403, 2008 WL 4189662 (5th Cir. Sept. 11, 2008); *United States v. Torres*, 541 F.3d 48 (1st Cir. 2008); *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008).

Court's consideration of the § 3553(a) factors during the § 3582(c)(2) process. Because the Court is not resentencing the Defendant or lowering his sentence in any way, the Court will not consider the issues in the Defendant's Letter in connection with the § 3553(a) factors. However, because the Defendant states "that he is not attempting to raise any claims" under § 2255, the Court will not recharacterize those claims in the Letter as a petition to vacate sentence under § 2255, and those claims are considered withdrawn for such purposes.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion [DE 51] is DENIED.

So ORDERED on November 17, 2008.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT